IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

    Plaintiff,                                No. CIV S-08-0476 JAM GGH P

    vs.

JOHN McGUINESS, et al.,

    Defendants.                         FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) filed May 27, 2008, on behalf of defendants McGinness and Hailey. After carefully considering the record, the court recommends that the motion be granted in part and denied in part.

LEGAL STANDARD FOR MOTION TO DISMISS

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a

1

legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

DISCUSSION

This action is proceeding on the original complaint filed March 3, 2008, as to defendants McGinness, Cabrerra and Hailey. Defendant Cabrerra has separately filed an answer.

\\\\\

Plaintiff alleges that on August 29, 2007, he was attacked and choked to the point of unconsciousness by defendant Cabrerra. Plaintiff alleges that defendant Hailey stood by as the attack occurred.

Defendants move to dismiss the claims against defendant McGinness on grounds that the complaint contains no allegations against him. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court agrees that the complaint does not link defendant McGinness to the alleged deprivations. In his opposition, plaintiff suggests no claims against this defendant.

1   Accordingly, the court recommends that the motion to dismiss defendant McGinness be granted.

2   Defendants move to dismiss the claims against defendant Hailey on grounds that
3   there is no allegation that he personally participated in the alleged attack by defendant Cabrerra.
4   As discussed above, plaintiff alleges that defendant Hailey stood by and watched defendant
5   Cabrerra attack him.  A prison official's failure to intervene to prevent a constitutional violation
6   may be a basis for liability.  See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison
7   official's failure to intervene to prevent Eighth Amendment violation may be basis for Eighth
8   Amendment liability).  Because plaintiff alleges that defendant Hailey failed to intervene to
9   prevent the alleged constitutional violation, the court finds that he has stated a colorable claim
10  against this defendant.  The motion to dismiss defendant Hailey should be denied.

11  Accordingly, IT IS HEREBY RECOMMENDED that defendants' May 27, 2008,
12  motion to dismiss (# 16) be granted as to defendant McGinness and denied as to defendant
13  Hailey.

14  These findings and recommendations are submitted to the United States District
15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16  days after being served with these findings and recommendations, any party may file written
17  objections with the court and serve a copy on all parties.  Such a document should be captioned
18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19  shall be served and filed within ten days after service of the objections.  The parties are advised
20  that failure to file objections within the specified time may waive the right to appeal the District
21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  08/21/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

26  coats.mtd

4