IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

    Plaintiff,                    No. CIV S-08-0476 JAM GGH P

    vs.

CARLOS CABRERRA, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The jury trial previously set for June 21, 2010 is moved to September 27, 2010. The court will also address several motions filed by plaintiff.

Plaintiff's Motions

        On April 7, 2010, plaintiff filed a motion to appoint the U.C. Davis Law Clinic and on April 14, 2010, plaintiff filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the

1

court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of the U.C. Davis Law Clinic and appointment counsel will therefore be denied.

On April 14, 2010, plaintiff requested expanded discovery.  Discovery has long since closed and plaintiff has not shown good cause to reopen discovery.

On April 14, 2010, plaintiff requested to appear at the pretrial conference by telephone.  The pretrial conference is conducted on the file only, without appearance by either party.

Plaintiff's Pretrial Statement

Plaintiff filed his pretrial statement on April 7, 2010 and indicated he intended to call approximately 25 non-incarcerated witnesses and 4 incarcerated witnesses.  Several of the non-incarcerated witnesses include defense counsel, other lawyers, court reporters, psychologists and doctors.

It is not entirely clear the relevance of all of the proposed witnesses.  Plaintiff is informed that at the trial of this case, he must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.  Plaintiff should also refer to Local Rule 281 that addresses what is required in a pretrial statement.

I. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend;

        <u>and</u>

        2. The prospective witness has actual knowledge of relevant facts.

    <u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.

The motion must:

        1. State the name and address of each such witness;

        and

        2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

    The willingness of the prospective witness can be shown in one of two ways:

        1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

        2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

    The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

        1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a

cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

\\\\\

\\\\\

### IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. The jury trial is moved to September 27, 2010, at 9:00 a.m. before the Honorable John A. Mendez.

2. Plaintiff's motions for appointment of U.C. Davis Law Clinic and appointment of counsel (no. 108, 114) are denied;

3. Plaintiff's motion to apply jury instructions (no. 111) is denied;

4. Plaintiff's motion for a 60 day extension (no. 115) is denied as moot.

5. Plaintiff's motion for expanded discovery (no. 116) is denied.

6. Plaintiff's motion for a writ to appear at the pretrial conference by telephone (no. 118) is denied.

7. By June 16, 2010, plaintiff shall submit a supplement to his pretrial statement addressing the witnesses he intends to call at trial and following the above procedures. Failure to

file a supplement or follow the above procedures may result in plaintiff being precluded from calling witnesses.

DATED: May 5, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
coa476.ord2